United States District Court

Eastern District of California

Michael Huftile,

      Plaintiff,

vs.

Val G. Farmer,

      Defendant.

No. Civ. S 03-0585 DFL PAN P

Findings and Recommendations

-oOo-

Plaintiff, who proceeds without counsel, filed this action as a civil detainee under California's Sexually Violent Predator (SVP) Act. He claims defendant, Val. G. Farmer, Ph.D. (Farmer), a licensed psychologist, violated his civil rights by testifying against him in his involuntary civil commitment trial in 2002. Plaintiff seeks damages and declaratory and injunctive relief.

The court approved service of the June 4, 2004, amended complaint, which is not verified, on Farmer, the sole defendant. Presently before the court are plaintiff's June 8, 2005, motion

1 for preliminary injunctive relief and Farmer's August 19, 2005,
2 motion to dismiss or for summary judgment.
3     The following facts are undisputed.
4     From 1983 to 1992, Farmer was employed by the West River
5 Mental Health Center in Rapid City, South Dakota.  In 1984,
6 plaintiff, represented by counsel, was the defendant in a
7 criminal child molestation trial in South Dakota.  Plaintiff's
8 attorney called Farmer as a witness at a mitigation and
9 sentencing hearing.  Farmer testified he had become acquainted
10 with plaintiff in 1983 for counseling services, which were
11 terminated by mutual agreement.  He testified he examined
12 plaintiff again in 1984 to prepare a report and psychological
13 evaluation ("report") for the court, at the request of
14 plaintiff's attorney.  Farmer testified about the report in
15 response to questioning by the trial judge, the prosecutor and
16 defense counsel.
17     In 2002 plaintiff was the subject of civil commitment
18 proceedings under the Sexually Violent Predators Act in the
19 Sacramento County Superior Court, <u>People of the State of
20 California v. Huftile</u>, Case Number 95F01023.  A prerequisite of
21 California commitment proceedings is the decision of two
22 "evaluators" that the person sought to be committed "has a
23 diagnosed mental disorder so that he or she is likely to engage
24 in acts of sexual violence without appropriate treatment and
25 custody."  Welf. & Inst. Code § 6601(d).  Plaintiff's evaluators
26 were Dr. Miccio-Fonseca and Dr. Vognsen, both of whom testified

for the state. Plaintiff did not permit these doctors to interview him. The district attorney independently obtained Farmer's report and called him as a witness to testify about it. Farmer testified within the scope of the 1984 report, which was submitted into evidence without any objection based on psychotherapist-patient privilege. Farmer appeared voluntarily and received witness fees and travel expenses. Farmer testified without plaintiff's consent. Plaintiff took the stand during proceedings and faced questioning about admissions reflected in Farmer's report.

Governing Legal Standards

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept plaintiff's allegations as true, read the complaint most favorably to plaintiff, give plaintiff the benefit of every reasonable inference that appears from the pleading and argument of the case and dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Wheeldin v. Wheeler, 373 U.S. 647, 658 (1963); Retail Clerks International Association, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 754 n.6 (1963); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The court may consider documents attached to the complaint in evaluating a motion to dismiss. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

A party may move, without or without supporting affidavits,

for a summary judgment and the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a)-(c).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the opposing party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A fact is "material" if it affects the right to recover under applicable substantive law.  Id.  The moving party must submit evidence that establishes the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" that the moving party believes demonstrate the absence of a genuine issue of material fact.  Id. at 323.  If the movant does not bear the burden of proof on an issue, the movant need only point to the absence of evidence to support the opponent's burden.  To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the opponent must "go beyond the pleadings and by her own affidavits, or by the "'depositions, answers to interrogatories, and

admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324.  The opponent's affirmative evidence must be sufficiently probative that a jury reasonably could decide the issue in favor of the opponent. Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corporation, 475 U.S. 574, 588 (1986).  When the conduct alleged is implausible, stronger evidence than otherwise required must be presented to defeat summary judgment.  Id. at 587.

Fed. R. Civ. P. 56(e) provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Nevertheless, the Supreme Court has held that the opponent need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Celotex, 477 U.S. at 324.  Rather, the questions are (1) whether the evidence could be submitted in admissible form and (2) "if reduced to admissible evidence" would it be sufficient to carry the party's burden at trial.  Id. at 327.  Thus, in Fraser v. Goodale, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing party's reliance upon her diary upon the ground it was hearsay was overruled because the party could testify to all the relevant portions from personal knowledge or read it into evidence as recorded recollection.

A verified complaint based on personal knowledge setting forth specific facts admissible in evidence is treated as an

affidavit. Schroeder v. McDonald, 55 F.3d 454 (9th Cir. 1995); McElyea v. Babbitt, 833 F.2d 196 (9th Cir. 1987). A verified motion based on personal knowledge in opposition to a summary judgment motion setting forth facts that would be admissible in evidence also functions as an affidavit. Johnson v. Meltzer, 134 F.3d 1393 (9th Cir. 1998); Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004).

Application

Farmer contends plaintiff's suit is barred by Heck v. Humphrey, 512 U.S. 477 (1994). To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must demonstrate the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff necessarily would imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated through other means such as a petition for habeas

1 corpus.  Id.

2     Plaintiff filed a separate civil rights action against Dr.
3 Miccio-Fonseca, Huftile v. Miccio-Fonseca, Civ. S 03-1522 FCD DAD
4 P, seeking damages and declaratory and injunctive relief.  This
5 court dismissed the action under Heck.  The court of appeals
6 affirmed the dismissal of claims for damages and declaratory
7 relief, but remanded for consideration of injunctive relief.  See
8 Huftile v. Miccio-Fonseca, 410 F.3d 1136 (9th Cir. 2005)
9 (favorable termination rule of Heck generally applies to § 1983
10 suits challenging civil commitments under California's Sexually
11 Violent Predators Act, and Huftile had standing to seek habeas
12 relief because a subsequent petition to recommit him could be
13 traced back, through preceding petitions, to his initial
14 confinement).  The court determined a decision for plaintiff in
15 the civil rights action would necessarily imply the invalidity of
16 his commitment because Miccio-Fonseca was one of the requisite
17 evaluators who triggered the commitment proceedings.

18     The court of appeals reasoning in Huftile v. Miccio-Fonseca
19 is equally applicable here.  Plaintiff claims Farmer conspired
20 with Miccio-Fonseca and Vognsen to fabricate evidence he suffers
21 a mental disability.  Granting relief on that ground would
22 necessarily imply the invalidity of plaintiff's commitment.
23 Farmer is entitled to dismissal of claims for damages and
24 declaratory relief, but his claims for injunctive relief survive
25 the Heck analysis.

26     Farmer next argues he is not a state actor within the

1 meaning of the civil rights statute.

2 A civil rights plaintiff must show the defendant, acting "under color of state law," deprived him of a right secured by the constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). On occasion, a civil rights claim can proceed against a private party who is "a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27 (1980). In assessing state action, the ultimate question is whether the deprivation of federal rights alleged by plaintiff is "fairly attributable" to the government. Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2002). A court can identify state action under any of four standards: (1) the public function test; (2) the joint action test; (3) the governmental compulsion test; or (4) the governmental nexus test. Id. (citing Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 935-36 (9th Cir. 1999)). The state-action inquiry is necessarily fact-bound. Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 (1982).

An allegation that a private person conspired with a state official satisfies the requirement that a defendant act under color of state authority. See Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir. 1989). Plaintiff makes a colorable showing Miccio-Fonseca and Vognsen acted as state agents or officials, and defendant offers nothing to rebut that showing. For purposes of the present motion, plaintiff satisfies the state action test.

1    Farmer next argues he is entitled to absolute witness
2 immunity and the immunity extends to allegations he conspired to
3 submit false evidence.  This argument has merit.  <u>Franklin v.</u>
4 <u>Terr</u>, 201 F.3d 1098 (9th Cir. 2000).  The court finds civil
5 commitment proceedings under California SVP statute are the type
6 of adversary proceeding that bring witness immunity doctrines
7 into play.  Nevertheless, defendant's entitlement to witness
8 immunity does not resolve plaintiff's injunctive relief claims.
9 <u>Pulliam v. Allen</u>, 466 U.S. 522 (1984) (absolute immunity does not
10 bar claims for injunctive relief).

11    Farmer is entitled to summary judgment on the merits of
12 injunctive relief claims concerning psychotherapist-patient
13 privilege.  Construing the pleading in favor of plaintiff and
14 based on a review of South Dakota statues, plaintiff states a
15 claim that Farmer's testimony revealed material subject to
16 psychotherapist-patient privilege under South Dakota law and any
17 waiver effected in the 1984 criminal trial and sentencing was
18 limited to those proceedings.  <u>See</u> South Dakota Evidence Code §§
19 19-13-7, 19-2-3.2, 19-2-3.  Even so, plaintiff's consent to
20 disclosure of privileged information <u>can</u> be implied by his
21 failure to assert psychotherapist-patient privilege during the
22 2002 commitment trial.  <u>See</u> California Evidence Code § 912;
23 <u>People v. Combs</u>, 34 Cal. 4th 821 (2004).  Through his silence in
24 California proceedings, he has waived the right to assert the
25 privilege in the future.  Thus, Farmer is entitled to summary
26 judgment on plaintiff's claims for injunctive relief concerning

9

1 breach of the psychotherapist-patient privilege in future
2 California proceedings.
3    The court must next address plaintiff's claim for
4 injunctive relief prohibiting Farmer from conspiring with state
5 agents in the future to fabricate evidence plaintiff has a mental
6 disorder.  Plaintiff produced no evidence of a conspiracy, and
7 Farmer declared in moving for summary judgment he never spoke to
8 the evaluators.  It is far better the claim be raised in future
9 state commitment proceedings, should events warrant it, rather
10 than for this court to cling to such a weak jurisdictional
11 thread.  Abstention is proper.
12    Defendant urges the court to dismiss supplemental state law
13 claims, to the extent plaintiff alleges any.  The pleading
14 broadly invokes the court's jurisdiction under 28 U.S.C. § 1367,
15 but does not plead any causes of action under state law.  Because
16 no such claims are alleged, it is unnecessary for the court to
17 consider whether to dismiss them.
18    In his June 8, 2005, motion for a preliminary injunction,
19 plaintiff seeks an order prohibiting Farmer from breaching the
20 psychotherapist-patient privilege in the future.  For reasons
21 stated above, Farmer is entitled to summary judgment on claims
22 related to the privilege.  Therefore, plaintiff's motion for a
23 preliminary injunction should be denied.
24    Accordingly, the court hereby recommends that:
25    1.  Defendant's August 19, 2005, motion to dismiss and for
26 summary judgment be granted.

2. Plaintiff's claims for damages and declaratory relief be dismissed for failure to state a claim. See Heck v. Humphrey.

3. Summary judgment for Farmer be entered on plaintiff's claims for injunctive relief based on breach of psychotherapist-patient privilege.

4. The court abstain from hearing and dismiss plaintiff's claim for injunctive relief prohibiting Farmer from conspiring with state agents in the future to fabricate evidence plaintiff has a mental disorder.

5. Plaintiff's June 8, 2005, motion for a preliminary injunction be denied.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case. Written objections may be filed within 20 days of service of these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: February 9, 2006.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge